Matthew A. Newboles (SBN 167,196)
Stephen Z. Vegh (SBN 174,713)
Gregory K. Clarkson (SBN 298,712)
STETINA BRUNDA GARRED & BRUCKER
75 Enterprise, Suite 250
Aliso Viejo, CA 92656
Email: litigate@stetinalaw.com
Tel: (949) 855-1246
Fax: (949) 855-6371
Attorneys for Plaintiff
NS AND ASSOCIATES LLC d/b/a
PHARMEDQUEST PHARMACY SERVICES

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NS AND ASSOCIATES LLC, a California limited liability company d/b/a/ PHARMEDQUEST PHARMACY SERVICES,<br><br>Plaintiff<br><br>vs.<br><br>PATIENTCRAFT LLC, a Texas limited liability company; and DOES 1-10, inclusive,<br><br>Defendants | Case No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN; UNFAIR COMPETITION AND FALSE ADVERTISING**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff NS and Associates LLC (hereinafter "Plaintiff" or "NS&A"), d/b/a PharMedQuest Pharmacy Services, for its complaint against Defendants PatientCraft LLC ("Defendant" or "PatientCraft") and Does 1 through 10, inclusive, states and alleges as follows:

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

## THE PARTIES

1. Plaintiff, NS&A, is a LLC organized and existing under the laws of the State of California, and having a principal place of business at 700 E. Birch Street, #11055, Brea, California 92822.

2. Upon information and belief, Defendant PatientCraft is a LLC organized and existing under the laws of the State of Texas, and having a principal place of business at 221 North Kansas Street, Suite 700, El Paso, Texas 79901.

3. The true names and capacities of the Defendants named herein as DOES 1 through 10, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues said Defendants by said fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as DOE is legally responsible for the events and happenings hereinafter alleged and legally caused injury and damages proximately thereby to Plaintiff as herein alleged. Plaintiff will seek leave to amend the Complaint when the true names and capacities of said DOE Defendants have been ascertained.

4. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants participated in and is in some manner responsible for the acts described in this Complaint and any damages resulting therefrom.

5. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants has acted in concert and participation with each other concerning each of the claims in this Complaint.

6. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants were empowered to act as the agent, servant and/or employees of each of the other Defendants, and that all the acts alleged to have been done by each of them were authorized, approved and/or ratified by each of the other Defendants.

## JURISDICTION AND VENUE

7. This action, as hereinafter more fully appears, arises under the Lanham (Trademark) Act (15 U.S.C. §§ 1051-1127), and is for federal service mark

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

infringement, false designation of origin, unfair competition and false advertising under 15 U.S.C. 1125(a), and for unfair competition, false advertising, and deceptive acts and practices under Cal. Bus. & Prof. Code §§ 17200 and 17500. This Court has subject matter jurisdiction for all federal counts under 28 U.S.C. §§ 1331, 1338(a) and (b), and under 15 U.S.C. § 1121. This Court has supplemental jurisdiction over all state law counts under 28 U.S.C. § 1367(a), as those counts form part of the same case or controversy. The jurisdiction of this Court is also appropriate under 28 U.S.C. § 1332(a), as the parties are citizens of different states and, upon information and belief, the amount in controversy exceeds $75,000.00, excluding interest and costs. This Court has personal jurisdiction over Defendant by virtue of its doing business and having substantial contacts within this judicial district, along with its commission of tortious and/or infringing acts inside and outside of this judicial district, that have an effect within this judicial district. A substantial part of the events giving rise to Plaintiff's claims occurred in this district, because Plaintiff is informed and believes that Defendants market and sell their infringing services in this district and in this division, and because confusion of purchasers is likely to occur in this district. Therefore, venue is proper under 28 U.S.C. § 1391(b), and under 28 U.S.C. § 1400(a).

## PLAINTIFF'S TRADEMARKS

8. Plaintiff NS&A is a medical and pharmaceutical management services provider that offers services and solutions to pharmacies and other healthcare centers, especially in the areas of medical benefits eligibility verification and management, pharmaceutical inventory management, and records keeping.

9. In connection with its medical and pharmaceutical management services and solutions it provides, Plaintiff offers pharmaceutical management services related to the 340B Drug Pricing Program, a U.S. federal government program that requires drug manufacturers who wish to participate in the Medicaid program to provide outpatient medication at reduced prices to hospitals and pharmacies that meet certain

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

criteria. Since 1992, Plaintiff's pharmacy management services relating to the 340B Drug Pricing Program have been offered under the brand name "P340B."

10. Plaintiff has expended significant time, money, and effort in establishing recognition of its P340B brand name in interstate commerce with current and prospective consumers of its services as well as with members of the public at large, whose tax dollars fund the Medicaid program and who consequently desire to ensure their healthcare facilities optimally deliver to them the benefits of 340B Drug Pricing Program. In connection with the services it offers under its P340B brand name, Plaintiff has also developed and has used in intrastate and interstate commerce at least as early as August 24, 2015, a distinctive "Spiral P" logo. Plaintiff is the owner of the P340B brand name and the Spiral P logo.

11. The United States Patent and Trademark Office on December 27, 2016 granted a federal service mark registration to NS&A for the P340B brand name and Spiral P logo as Registration No. 5,110,656. A copy of Plaintiff's service mark registration is attached hereto as **"Exhibit A."** Plaintiff is the owner of this service mark and service mark registration, with the service mark shown below:

P340B

12. Plaintiff's service mark registration describes the services offered in connection with the Plaintiff's registered service mark as: "pharmacy benefits management consulting services, namely, providing pharmacy benefits management solutions and advice for federal qualified health centers and 340B Drug Discount Program eligible entities." Plaintiff's service mark registration describes Plaintiff's service mark as consisting of "a spiral design, forming a hexagon with an opening at

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

the bottom, with the line of the design being made up of shaded triangles and forming the letter 'P' at the center of the spiral, with the letter/number combination 'P340B' placed at the right of the design."

13. Plaintiff has expended substantial sums of money in advertising and promoting its 340B Drug Discount Program consulting services via its Spiral P logo and its registered service mark containing the Spiral P logo (collectively, the "Service Marks"). As a consequence of Plaintiff's advertising and use of the Service Marks, the Service Marks have become source identifiers and/or have developed secondary meaning identifying Plaintiff's 340B Drug Discount Program consulting services among current and prospective purchasers of Plaintiff's services, along with members of the public, in both interstate and intrastate commerce.

14. Through its expenditures of substantial time, money, and effort, Plaintiff has developed substantial goodwill in the minds of current and prospective consumers for the 340B Drug Discount Program consulting services Plaintiff offers under the P340B brand name. Further, in promoting its 340B Drug Discount Program consulting services in connection with its Service Marks, an association has become cemented in the minds of current and prospective purchasers of Plaintiff's services between this substantial goodwill and Plaintiff's Service Marks.

## DEFENDANT'S UNLAWFUL CONDUCT

15. Plaintiff is informed and believes that Defendant, PatientCraft LLC, is a healthcare consulting firm that offers services to healthcare providers related to the 340B Drug Pricing Program. On its own website, Defendant describes itself on its as being a "healthcare consulting firm focused on the 340B drug pricing program" that "help[s] covered entities evaluate and optimize 340B program participation through [its] unique approach that blends statistical, data-driven insights with deep 340B program expertise." A true and correct copy of the page of Defendant's website where this description is found is attached hereto as **"Exhibit B."**

16. As may be seen prominently on Defendant's website, for example, at the

very top of Exhibit B, Defendant is advertising its 340B consulting services in connection with the following logo (the “Infringing Logo”):

17. For ease of direct comparison, Plaintiff’s Registered Service Mark containing its Spiral P logo is reproduced again below:

18. Defendant’s Infringing Logo is confusingly similar to the Spiral P logo of Plaintiff’s Service Marks. The exact language used by the U.S. Trademark Office to describe Plaintiff’s Spiral P logo in Plaintiff’s service mark registration also perfectly describes Defendant’s Infringing Logo. Both marks are ”a spiral design, forming a hexagon with an opening at the bottom, with the line of the design being made up of shaded triangles and forming the letter ‘P’ at the center of the spiral.”

19. This confusing similarity between Defendant’s Infringing Logo and the Spiral P logo of Plaintiff’s Service Marks is further compounded by the fact that Plaintiff and Defendant are direct competitors in the exact same marketplace for the exact same customers, with Defendants using the Infringing Logo in direct connection with the exact services listed on the face of Plaintiff’s Service Mark Registration – “Pharmacy benefits management consulting services, namely, providing pharmacy benefits management solutions and advice for federally qualified

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

health centers and 340B Drug Discount Program eligible entities."

20. As the 340B program is a nationwide federal program, and as Defendant is advertising its services at least on the internet without any geographic restrictions, Plaintiff is informed and believes, and on that basis alleges, that Defendant's use of the Infringing Logo constitutes a part of and is affecting interstate commerce.

21. Plaintiff is informed and believes, and on that basis alleges, that Defendant, without Plaintiff's consent, is using in commerce a reproduction, counterfeit, copy, or colorable facsimile of Plaintiff's Service Marks in connection with the sale, offering for sale, distribution, or advertising of goods or services that is likely to cause confusion, or to cause mistake, or to deceive.

22. Plaintiff is informed and believes, and on that basis alleges, that Defendant's use of the Infringing Logo, is intended to suggest and convey to its prospective and current customers, and members of the public at large, that there is an affiliation or connection between Plaintiff and Defendant, and between Plaintiff's 340B Drug Discount Program consulting services and any such services which are or would be provided by Defendants, when in fact no such affiliations or connections exist.

23. Plaintiff is informed and believes, and on that basis alleges, that Defendant's use of the Infringing Logo for its 340B Drug Discount Program consulting services has already resulted and would in the future result in a likelihood of confusion among prospective and current customers, and members of the public at large. This likelihood of confusion is heightened by the fact that Plaintiff and Defendant are direct competitors in a niche industry, competing for the exact same customers in the marketplace.

24. Plaintiff is informed and believes that Defendant's use of the Infringing Logo for its 340B Drug Discount Program consulting services trades upon and diminishes the reputation and goodwill which Plaintiff has developed and received in relation to its Plaintiff's own 340B Drug Discount Program consulting services.

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

25. Plaintiff is informed and believes, and therefore alleges, that Defendant knows or is willfully blind to the fact that its use of the Infringing Logo for its 340B Drug Discount Program consulting services is infringing.

26. By engaging in this conduct, Defendant has acted in willful disregard of laws protecting Plaintiff's goodwill, and has intentionally confused and deceived, or threaten to confuse and deceive, the consuming public concerning the source, affiliation, connection, or sponsorship of its 340B Drug Discount Program consulting services. By their wrongful conduct, Defendants have traded upon and diminished Plaintiff's reputation and goodwill, and have done so in a manner likely to cause confusion over the source, affiliation, connection, or sponsorship of Plaintiff's and Defendant's services.

27. On or about January 12, 2017, counsel for Plaintiff sent to Defendant a cease and desist letter demanding that Defendant cease and desist from its use of the Infringing Logo. Plaintiff advised Defendant of existence of its service mark registration, and of the likelihood of significant confusion in the marketplace created by Defendant's use of the Infringing Logo. A true and correct copy of the January 12, 2017 letter is attached hereto as **"Exhibit C."**

28. On or about February 17, 2017, after receiving no response to the January 12, 2017 letter, and seeing that Defendants had not ceased and desisted from their use of the Infringing Logo, counsel for Plaintiff followed up with second letter seeking Defendant's immediate commitment to cease and desist from its use of the Infringing Logo. A true and correct copy of the February 17, 2017 letter is attached hereto as **"Exhibit D."** To date, despite its multiple requests that Defendant cease its illegal and unfair conduct, Plaintiff received no response, and Defendant has not ceased its use of the Infringing Logo.

## **FIRST CLAIM FOR RELIEF**

### **(Service Mark Infringement)**

29. Plaintiff hereby incorporates all of the preceding paragraphs, as if fully

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

set forth herein.

30. Plaintiff is the owner of all right, title and interest in its Service Marks in relation to 340B Drug Discount Program consulting services. The use of Plaintiff's Service Marks in commerce has been continuous since at least August 24, 2015, and enormous amounts of time, effort, and money in promoting Plaintiff's 340B Drug Discount Program consulting services through the use of its Service Marks. Current and prospective customers as well as members of the public at large have come to identify Plaintiff's Service Marks with Plaintiff's 340B Drug Discount Program consulting services, such that Plaintiff's Service Marks have acquired "secondary meaning."

31. Plaintiff is informed and believes that Defendant has used copies and/or substantially and confusingly similar variations of Plaintiff's Service Marks in intrastate and interstate commerce without the consent of the Plaintiff. Defendant has caused and continues to cause instances of actual confusion, mistake, and deception as to the source, sponsorship, affiliation, or approval of Defendant's 340B Drug Discount Program consulting services in the minds of consumers for 340B Drug Discount Program consulting services well as members of the public at large.

32. Defendant's acts constitute Service Mark Infringement in violation the Lanham (Trademark) Act, 15 U.S.C. § 1125(a).

33. As a proximate result of Defendant's acts, Plaintiff has suffered, and will continue to suffer, substantial damage to its reputation and goodwill, as well as diversion of trade and loss of revenues in an amount not yet ascertained.

34. Defendant's acts have caused, and unless enjoined will continue to cause, irreparable injury to Plaintiff. Ascertainment of damages caused by Defendant's conduct would be difficult, leaving Plaintiff with an inadequate remedy at law.

35. By reason of the foregoing, Plaintiff has incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of its claims

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

herein, which attorneys' fees and costs Plaintiff is entitled to recover from Defendant under 15 U.S.C. § 1117.

**SECOND CLAIM FOR RELIEF**

**(False Designation of Origin)**

36. Plaintiff hereby incorporations all of the preceding paragraphs, as if fully set forth herein.

37. By advertising and offering for sale their services in a manner which infringes Plaintiff's Service Marks, and by representing that their services are the genuine services of Plaintiff or otherwise originate with, are sponsored by, or are associated or affiliated with Plaintiff, Defendant has engaged in false designation of origin and have made false descriptions and representations in connection with services advertised and sold in interstate commerce.

38. Defendant's false designation of origin and false descriptions and representations has caused and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of, origin, sponsorship, or approval of Plaintiff and Plaintiff's 340B Drug Discount Program consulting services with respect to any such 340B Drug Discount Program consulting services that have been or would be provided by Defendants.

39. Defendant is therefore violating section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. As a proximate result of Defendant's acts, Plaintiff has suffered, and will continue to suffer, substantial damage to its reputation and goodwill, as well as diversion of trade and loss of revenues in an amount not yet ascertained.

41. Plaintiff is informed and believes, and on that basis alleges, that as a result of Defendant's false designation the origin of the 340B Drug Discount Program consulting services that have been or would be offered by Defendant, Defendants have profited and will profit in the future, thereby entitling plaintiff to an award of Defendant's profits, damage to plaintiff in an amount to be proved at trial, and the

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

costs and attorneys' fees of this action, under 15 U.S.C. § 1117(a).

42. Defendant's violation of 15 U.S.C. § 1125(a) entitles plaintiff to injunctive relief under 15 U.S.C. § 1116(a).

43. Defendant's acts have caused, and unless enjoined will continue to cause, irreparable injury to Plaintiff. Ascertainment of damages caused by Defendant's conduct would be difficult, leaving Plaintiff with an inadequate remedy at law.

**THIRD CLAIM FOR RELIEF**

**(Unfair Competition and False Advertising – 15 U.S.C. § 1125(a))**

44. Plaintiff hereby incorporations all of the preceding paragraphs, as if fully set forth herein.

45. Defendant has used false or misleading descriptions of fact or representations of fact in commercial advertising or promotion, and in connection with goods or services in commercial advertising or promotion. The false descriptions or representations have misrepresented the nature, qualities, or geographic origin of Defendant's services, or commercial activities, or the services or commercial activities of another person, in violation of 15 U.S.C. § 1125(a).

46. Defendant's acts and conduct, as alleges herein, are business practices likely to deceive or confusing the purchasing public and trade upon Plaintiff's reputation, both as to the source, origin, sponsorship, and approval of the services provided, and as to the affiliation, connection, or association of Defendant with Plaintiff. These acts constitute acts of unfair competition, false designation of origin, and false representation of affiliation, all in violation of section 43(a) of the Lanham (Trademark) Act, 15 U.S.C. § 1125(a).

47. Plaintiff is informed and believes, and upon that basis alleges, that Defendant's acts of reputational appropriation and unfair competition were willful.

48. As a proximate result of Defendant's acts, Plaintiff has suffered, and will continue to suffer, substantial damage to its reputation and goodwill, as well as

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

diversion of trade and loss of revenues in an amount not yet ascertained.

49. Defendant's acts have caused, and unless enjoined will continue to cause, irreparable injury to Plaintiff. Ascertainment of damages caused by Defendant's conduct would be difficult, leaving Plaintiff with an inadequate remedy at law.

50. By reason of the foregoing, Plaintiff has incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of its claims herein, which attorneys' fees and costs Plaintiff is entitled to recover from Defendant pursuant to 15 U.S.C. § 1117.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition, False Advertising, and Deceptive Acts and Practice – Cal. Bus. & Prof. Code §§ 17200, 17500)

51. Plaintiff hereby incorporations all of the preceding paragraphs, as if fully set forth herein.

52. By reason of the aforementioned acts, Defendant has intentionally caused likelihood of confusion as to the affiliation, connection, association of, origin, sponsorship, or approval of Plaintiff and Plaintiff's 340B Drug Discount Program consulting services with respect to Defendant's 340B Drug Discount Program consulting services, and have diverted sales from Plaintiff, all in which constitutes unfair competition against Plaintiff in violation of California Business and Professions Code, section 17200.

53. Defendant is engaged in a pattern of unfair competition and unfair business practices, in violation of California Business and Professions Code section 17200. The acts of Defendant that are unlawful include:

a. Infringing Plaintiff's Service Marks;

b. Falsely implying to potential and current customers of 340B Drug Discount Program consulting services that Defendants or Defendant's services are affiliated with, associated with, connected with, sponsored by, or are approved by

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

Plaintiff or Plaintiff's 340B Drug Discount Program consulting services; and

c. Falsely implying to the public at large that Defendant's 340B Drug Discount Program consulting services is affiliated with, associated with, connected with, sponsored by, or are approved by Plaintiff or Plaintiff's 340B Drug Discount Program consulting services.

54. These acts of Defendant also constitute false advertising and deceptive acts and practices in the conduct of Defendant's business(es), in violation of sections 17200 and 17500 of the California Business and Professions Code.

55. By these actions, Defendant has irreparable injured the customer recognition and goodwill associated with Plaintiff's services. Such injury will continue unless enjoined by this Court.

56. Defendant's acts have caused, and unless enjoined will continue to cause, irreparable injury to Plaintiff. Ascertainment of damages caused by Defendant's conduct would be difficult, leaving Plaintiff with an inadequate remedy at law.

57. By Defendant's unfair competition, it has illegally profited in an amount not yet ascertained. Plaintiff is entitled to restitution from Defendants and an order directing disgorgement of Defendant's illicit profits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That the Defendant, its officers, agents, servants, and employees, and all persons in concert or participation with the Defendants be preliminarily and permanently enjoined from:

a. infringing Plaintiff's service mark registration No. 5,110,656;

b. infringing Plaintiff's Spiral P logo which have become distinctive in the purchasing public's mind as a service mark that has caused the purchasing public to associate Plaintiff's 340B Drug Discount Program consulting services with the Spiral P logo;

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

c. using Plaintiff's Spiral P logo, or any reproduction, counterfeit, copy, or colorable facsimile of Plaintiff's Spiral P logo, or any of Plaintiff's Service Marks, in connection with the sale, offering for sale, distribution, or advertising of 340B Drug Discount Program consulting services, or any other services offered by Defendant.

d. promoting or marketing services in any way that tends to deceive, mislead, or confuse the public into believing that any of Defendant's services are in any way sanctioned by or affiliated with Plaintiff's 340B Drug Discount Program consulting services; and

e. otherwise competing unfairly with Plaintiff;

2. That the Defendant be directed to file with this Court and serve on the Plaintiff within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth the detailed manner and form in which the Defendant has complied with the injunction.

3. That the Defendant be required to account for and pay over to Plaintiff all gains, profits, and advantages realized from the sale of services which were sold or solicited by Defendant's infringing activities.

4. That the Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of the Defendant's acts infringement, false designation of origin, false advertising, unfair competition, and deceptive and unfair business practices, including exemplary damages in the amount of three times the damages sustained by Plaintiff, pursuant to Section 35 of the Lanham (Trademark) Act, 15 U.S.C. §1117.

5. That the Defendant be required to deliver up for destruction all products, packaging, labels, literature, advertising and other material bearing copies, colorable imitations, or reproductions, including confusingly similar variations of, Plaintiff's Service Marks.

6. That the Defendant be required to pay Plaintiff costs, expenses, and

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

reasonable attorney's fees in connection with this action, as provided in 15 U.S.C. §505 and 15 U.S.C. §1117, and California Business and Professions Code Section 14200 *et seq*.

7. For attorney's fees and costs to the extent otherwise allowed by law;

8. For exemplary damages or enhanced damages to the extent allowed by law;

9. That Plaintiff have such other, further, and different relief that this Court deems just and proper.

Dated: March 28, 2017

STETINA BRUNDA GARRED & BRUCKER

By: /s/Matthew A. Newboles
Matthew A. Newboles
Stephen Z. Vegh
Gregory K. Clarkson
Attorneys for Plaintiff
NS AND ASSOCIATES LLC d/b/a PHARMEDQUEST PHARMACY SERVICES

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

## DEMAND FOR JURY TRIAL

Plaintiff, NS and Associates LLC d/b/a PharMedQuest Pharmacy Services hereby demands a jury trial on all claims for relief.

Dated: March 28, 2017

STETINA BRUNDA GARRED & BRUCKER

By: /s/Matthew A. Newboles
Matthew A. Newboles
Stephen Z. Vegh
Gregory K. Clarkson
Attorneys for Plaintiff
NS AND ASSOCIATES LLC d/b/a PHARMEDQUEST PHARMACY SERVICES